UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-133 (DWF/DTS) |
| Plaintiff, | |
| v. | ORDER & REPORT AND RECOMMENDATION |
| Nathan Miller Dobbelmann, | |
| Defendant. | |

## INTRODUCTION

Defendant Nathan Miller Dobbelmann is charged with two counts of Attempted Production and Production of Child Pornography, one count of Distribution of Child Pornography, one count of Transfer of Obscene Material to a Minor, and one count of Commission of a Felony Offense by a Registered Sex Offender. Indictment, Dkt. No. 16. Dobbelmann moves to suppress all evidence seized during a search of his cell phone and his Snapchat social-media account. Mot. Suppress 1, Dkt. No. 30. For the reasons stated below, the Court recommends that Dobbelmann's motion to suppress be denied.

## FINDINGS OF FACT

In August 2020, Dobbelmann was pulled over and arrested for failure to register as a sex offender. Gov't Ex. 1, Dkt. No. 33. Dobbelmann directed that his car be left with a friend. *Id.* The next day, the friend contacted law enforcement and stated that the friend had found a cell phone in Dobbelmann's car and that the phone contained pornographic images and videos of children. *Id.* The friend turned the phone over to law enforcement. *Id.*

The same month, a certified online undercover (UC) Special Agent from the Federal Bureau of Investigation (FBI) entered an online chat room where child pornography was being traded. Gov't Ex. 2, Dkt. No. 33. The UC direct messaged a participant with the screen name "ILIVERICHOUSLY." *Id.* The participant responded, in part, by sending an explicit photo that contained a code linked to a Snapchat account named "ILIVERICHOUSLY," asking the UC to send pictures and videos of the UC's minor daughter, sending several videos depicting apparent child pornography, and directing the UC to another of the participant's social-media accounts named "extremepussypleaser." *Id.* In September 2020, the UC communicated with the participant via the "extremepussypleaser" account and the participant asked the UC to send "your daughte[r's] sexy naked pictures & videos." *Id.* The participant's profile information included reference to "snap@awesomedaddy198." *Id.* The UC accessed the publicly available Snapchat accounts ILIVERICHOUSLY and awesomedaddy198. *Id.* Both profile pictures contained an image of a partial face that appears to be Dobbelmann. *Id.*

In November 2020, an FBI Special Agent applied to search Dobbelmann's cell phone and Dobbelmann's Snapchat account. Gov't Ex. 1-2, Dkt. 33. Based upon the affidavit information, a United States Magistrate Judge authorized two search warrants. *Id.*

## CONCLUSIONS OF LAW

Dobbelmann contends that the search warrants' supporting affidavits could not support the magistrate judge's findings of probable cause to search the cell phone or the Snapchat account. Mot. Suppress 1, Dkt. No. 30. When, as here, the issuing judge relied solely upon the supporting affidavits to issue the warrants, this Court may only consider

the four corners of the affidavit to determine the existence of probable cause. *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005). When considering such a "four corners" challenge, this Court must give "great deference" to the magistrate judge and must uphold the probable-cause determination if there was a "substantial basis" for concluding that probable cause existed. *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010). Probable cause exists when, "based on the totality of the circumstances set forth in the application and affidavits, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Johnson*, 528 F.3d 575, 579 (8th Cir. 2008) (quoting *Illinois v. Gates*, 103 S. Ct. 2317, 2320 (1983)). An issuing judge may draw "reasonable inferences" in determining whether probable cause exists. *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (quotation omitted).

Here, the warrant applications and supporting affidavits provided the issuing judge with a substantial basis for concluding probable cause existed to issue both search warrants. The warrant for the cell phone is based on the fact that the friend Dobbelmann directed to care for his car found the cell phone in Dobbelmann's car and voluntarily brought the phone to law enforcement. The friend had seen the pornographic images and videos of children on the phone. That this informant was willing to speak with law enforcement willingly and identified him or herself as the person Dobbelmann entrusted with his car and its contents provides sufficient indicia of the reliability and credibility of the information. *See United States v. Bell*, 480 F.3d 860, 863 (8th Cir. 2007) (citing *United States v. Carpenter*, 422 F.3d 738, 744 (8th Cir. 2005)). It was reasonable for the issuing judge to infer that there was a fair probability that contraband or evidence of a crime—

images and videos of child pornography—would be found on the phone. *See Johnson*, 528 F.3d at 579.

The warrant for the Snapchat account is based on the fact that the online participant sharing and requesting images and videos of child pornography was linked to two Snapchat accounts with profile pictures that appear to include Dobbelmann. The online participant shared the Snapchat account information with the UC while in an online chat room where child pornography was being traded. It was reasonable for the issuing judge to infer that it was fairly probable that child pornography would be found by accessing the Snapchat account information. *Id.* Because the supporting affidavits provided the issuing judge with a substantial basis to find probable cause, Dobbelmann's four-corners challenge to the warrants fail and the evidence obtained from the searches pursuant to those warrants need not be suppressed.

## ORDER

The Court, being duly advised in the premises, upon all the files, records, and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Dobbelmann's Motion for Discovery and Inspection [Dkt. No. 21] is **GRANTED** as follows:

    a. The parties shall make expert disclosures no later than thirty days before trial;

    b. The parties shall make rebuttal expert disclosures, if any, no later than ten days before trial.

2. Dobbelmann's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [Dkt. No. 22] is **GRANTED**.

3. Dobbelmann's Motion for Early Disclosure of Jencks Act Material [Dkt. No. 23] is **DENIED**. Per the government's response, the government will provide the defense with Jencks Act disclosures no later than three days before trial.

4. Dobbelmann's Motion for Disclosure of Results and Reports of Cell Phone and Computer Forensic Testing [Dkt. No. 24] is **GRANTED**.

5. Dobbelmann's Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence [Dkt. No. 25] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Dobbelmann's request for information related to Fed. R. Evid. 404(b) evidence is **GRANTED**. The government shall disclose Rule 404(b) evidence no later than fourteen days before trial and shall comply with Fed. R. Crim. P. 16(c);

   b. Dobbelmann's request for information related to Fed. R. Evid. 608(b) evidence is **DENIED**. Rule 608(b) evidence is not discoverable under Fed. R. Crim P. 16. *United States v. Castaneda-Santana*, No. 20-54, 2021 WL 1589547, at *1 (D. Minn. Apr. 23, 2021).

6. Dobbelmann's Motion for Early Disclosure of all Rule 1006 Exhibits and All Evidence Which Those Exhibits are Based [Dkt. No. 26] is **DENIED**. Questions regarding the exchange of exhibits will be decided by the trial judge.

7. Dobbelmann's Motion to Strike [Dkt. No. 28] has been withdrawn and is therefore **DENIED AS MOOT**.

8. To the extent that Dobbelmann's motions seek discovery beyond the requirements of Rule 16 and applicable case law, his motions are **DENIED**.

    a. Both parties shall comply with their discovery obligations under Fed. R. Crim. P. 16 and applicable case law.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Defendant Nathan Miller Dobbelmann's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Dkt. No. 30] be DENIED.

Dated: September 17, 2020          s/David T. Schultz
                                                DAVID T. SCHULTZ
                                                U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).