UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-133 (DWF/DTS) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Nathan Miller Dobbelmann, | |
| Defendant. | |

This matter is before the Court upon Defendant Nathan Miller Dobbelmann's ("Defendant") objections (Doc. Nos. 39, 40) to Magistrate Judge David T. Schultz's September 17, 2021 Report and Recommendation (Doc. No. 38 ("Report and Recommendation")) insofar as it recommends that Defendant's Motion to Suppress (Doc. No. 30 ("Motion")) be denied.[1]

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In his Motion, Defendant moved to suppress evidence obtained from searches of his cell phone and Snapchat accounts on the grounds that the warrants authorizing the

---

[1] The Report and Recommendation followed a hearing on the Motion. (Doc. No. 35.) The parties did not submit additional briefing after the hearing. (Doc. No. 36.)

searches lacked probable cause. (Motion at 1-3.) Specifically, Defendant argued that the warrant to search his cell phone lacked probable cause because the supporting application: (1) relied on information provided by an informant that was insufficiently clear, certain, or reliable; (2) failed to state that the informant had a track record of supplying reliable information and was otherwise reliable; and (3) failed to provide information showing that police corroborated the informant's information. (*Id.* at 2-3.) Defendant also argued that the warrant to search his Snapchat accounts lacked probable cause because the supporting application: (1) did not provide sufficient information on why evidence of illegal activity would be found in his Snapchat accounts; and (2) failed to set forth a sufficient nexus between the place to be searched and the alleged illegal activity. (*Id.* at 3.) Finally, Defendant argued that the *Leon* good faith exception did not apply to save any of the searches because "the respective search warrants were so lacking in indicia of probable cause that a belief in its existence was objectively unreasonable." (*Id.*)

Based on the totality of the circumstances, Magistrate Judge Schultz concluded that the warrant applications and supporting affidavits provided the issuing judge with a substantial basis for concluding probable cause existed to issue each search warrant. (Report and Recommendation at 3.) Magistrate Judge Schultz specifically observed that (1) the warrant for Defendant's cell phone was based on the fact that a friend Defendant directed to care for his car found the cell phone in Defendant's car; (2) the friend voluntarily brought the phone to law enforcement; and (3) the friend had seen pornographic images and videos of children on the phone. (*Id.*) Magistrate Judge

Schultz found that "the fact that this informant was willing to speak with law enforcement willingly and identified him or herself as the person [Defendant] entrusted with his car and its contents provide[d] sufficient indicia of the reliability and credibility of the information," and that it was reasonable for the issuing judge to infer that there was a fair probability that contraband or evidence of a crime would be found on the phone. (*Id.* at 3-4.)

Magistrate Judge Schultz similarly observed that: (1) the warrant for Defendant's Snapchat accounts was based on the fact that an online participant sharing and requesting images and videos of child pornography was linked to two Snapchat accounts with profile pictures that appeared to include Defendant; and (2) the online participant shared the Snapchat account information with a certified undercover agent ("UC") while in an online chat room where child pornography was being traded. (*Id.* at 4.) Magistrate Judge Schultz again concluded that it was reasonable for the issuing judge to infer that it was fairly probable that child pornography would be found by accessing the Snapchat account information. (*Id.*)

Defendant now objects to the Report and Recommendation on the grounds that the Magistrate Judge wrongly concluded that probable cause existed to support the warrant for his cell phone because "it relied on information from a third party that was too vague, uncertain and unreliable to establish probable cause."[2] (Doc. No. 40 at 2, 14-15.) He

---

[2]  Defendant broadly objects to the Magistrate Judge's conclusion and incorporates by reference the arguments he made in his Motion. (Doc. No. 40 at 14-15.)

similarly objects to the Magistrate Judge's conclusion that probable cause existed to search the Snapchat accounts when the affidavit supporting the search warrants did not demonstrate a fair probability that evidence of a crime would be found in either account and the affidavit did not show a nexus between child pornography and the accounts.[3] (*Id.* at 1-12.)

After a careful review of Defendant's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's conclusions that the contested search warrants were properly supported with probable cause.[4]  The Court first observes that probable cause is established when, "based on the totality of the circumstances set forth in the application and affidavits, there is a fair probability that

---

[3]     Defendant objects to certain aspects of how the Magistrate Judge construed Defendants' interaction with the UC which he claims led the Magistrate Judge to wrongly conclude that there was a reasonable probability that evidence of a crime would be found on the Snapchat accounts and a nexus between the accounts and child pornography.  (*See* Doc. No. 39; *see also* Doc. No. 40 at 6-12.)  Defendant contends that the Magistrate Judge failed to explain how linking the Snapchat accounts to the online participant, and the "sharing" of that information with the UC allowed an inference that child pornography would be found on those accounts when the supporting affidavit did not contain information that police had knowledge of any crime occurring on the accounts, neither Defendant nor the UC mentioned Snapchat, and Defendant never directed the UC towards those accounts.  (Doc. No. 40 at 7.)  Defendant asserts that the "only argument for finding probable cause is that [Defendant] shared the Snapchat account information for the purpose of directing the UC to contact him on these accounts for child pornography purposes" and that the Magistrate Judge erred because the circumstances outlined in the affidavit did not support such a finding. (*Id.* at 7-10.)  He further argues that there was no basis to find a nexus between the Snapchat account and child pornography because Snapchat is a poor platform for persons interested in child pornography because it requires affirmative steps to retain images.  (*Id.* at 11-12.)

[4]     Because the Court finds that each warrant was properly supported with probable cause, the Court need not address Defendant's argument opposing a good faith exception.

4

contraband or evidence of a crime will be found in a particular place." *United States v. Johnson*, 528 F.3d 575, 579 (8th Cir. 2008) (quoting *Gates*, 462 U.S. at 236). Here, the Court finds that the totality of the circumstances clearly establishes a fair probability that evidence of child pornography would be found in both Defendant's phone and his Snapchat accounts. First, the Court agrees with Magistrate Judge Schultz that it was reasonable for the warrant issuing judge to infer that there was a fair probability that Defendant's cell phone contained evidence of child pornography when the informant was Defendant's own friend who Defendant had trusted to care for his car, and who willingly provided the phone to law enforcement after observing pornographic images and videos of children on the phone that the informant found in Defendant's car.

The Court also finds that it was fairly probable that evidence of child exploitation would be found on the Snapchat accounts when the UC observed an online user—later determined to be Defendant—who: (1) participated in a group dedicated to sharing links and folders filled with child pornography; (2) asked the UC for a sexual encounter with the UC's supposed nine-year-old and five-year old children; (3) asked the UC to send child pornography to him; (4) sent the UC three videos of child pornography; and (5) sent the UC Snapchat QR codes to a Snapchat account. (*See* Doc. No. 33-2 ¶¶ 13-19.) While Defendant did not explicitly ask the UC to add him on Snapchat to share child pornography, the Court finds that the fact that Defendant sent the UC an explicit photo that included a QR code to one of the contested Snapchat accounts in the same exchange that Defendant sent an image which he claimed was of him having sex with two nine-year-old girls, was more than enough to draw a reasonable inference that there was a fair

probability that the Snapchat account would also include evidence of child exploitation. The Court also finds that Defendant's history of online child exploitation activities further adds to the totality of the circumstances that supported a finding of probable cause.  (*See* Doc. No. 33-2 ¶¶ 21, 23.)  After a careful review of the contested affidavit, the Court also finds that it established an appropriate nexus between the expected evidence and the Snapchat accounts.  (*Id.* ¶¶ 7-11 (clearly explaining Snapchat functions and capabilities including the ability to preserve snaps and identifying data).)

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Nathan Miller Dobbelmann's objections (Doc. Nos. [39, 40]) to Magistrate Judge David T. Schultz's September 17, 2021 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge David T. Schultz's September 17, 2021 Report and Recommendation (Doc. No. [38]) is **ADOPTED**.

3. Defendant Nathan Miller Dobbelmann's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [30]) is **DENIED**.

Dated:  November 9, 2021            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge