UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-133 (DWF/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHAN MILLER DOBBELMANN,

    Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Nathan Miller Dobbelmann (hereinafter the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with Attempted Production and Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The United States agrees not to charge the defendant with any other child pornography or obscenity offenses known at the time of the entry of this Plea Agreement. The United states further agrees to move to dismiss Counts 1 and 3-5 at sentencing.

2.    **Factual Basis**. The defendant agrees that the facts set forth below accurately state his offense conduct and form a factual basis for the guilty plea. The defendant stipulates and agrees to the following:

a. Between at least August 2018 and March 2021, the defendant used social media, email, and text applications to contact and solicit sexually explicit images and videos from minors. The defendant also sent minors unrequested videos of himself, including of his penis and of himself masturbating, accompanied by sexually graphic text.

b. As to Count 2, in September 2020, Dobbelmann "added" Minor 2 on Snapchat, and sent dozens of messages to Minor 2 asking for sexually explicit videos and photos, as well as several pictures of his penis. Minor 2 was born in 2008. Minor 2 and Dobbelmann exchanged graphic sexual text messages and Dobbelmann requested numerous sexual images and videos. On or about October 30, 2020, at the defendant's request, Minor 2 sent the defendant a visual depiction of the anus and vagina of a female purported to be Minor 2. This visual depiction was sent and received on Snapchat, an application that uses the internet, a means and facility of interstate commerce.

c. As another example, on or about May 1, 2021, the defendant requested a naked video chat with Minor 1. Minor 1 had previously told the defendant she was 15. Minor 1 replied, "I love food and you want my body so let's make a deal." The defendant replied, "I was already planning to offer to get you food once you really got on here naked with me on video chat you just gotta stop waisting time & get naked on here now." Minor 1 reported that she took pictures of herself and her fifteen-year-old cousin. Dobbelmann demanded, "Send all the pictures/videos you took and send your food order at the end." Minor 1 then sent a visual depiction of the anus and vagina of a female purporting to be Minor 1. This visual depiction was sent and received on Snapchat, an application that uses the internet, a means and facility of interstate commerce.

d. The defendant also used various online chat rooms and platforms to discuss and trade child pornography files with others. During this period, the defendant used the internet to distribute child pornography images, videos, and links to such images and videos to others. The defendant distributed these files in exchange for other child pornography files that he received or requested. Some of the files he distributed and received depicted prepubescent minors and minors under the age of 12 engaged in sexually explicit conduct, including oral, vaginal, and anal penetration.

e. For example, on or about September 23, 2020, the defendant used the Kik application to send a video identified as FQTRXXXX.MP4 to another Kik user the defendant had been exchanging messages with about sexual exploitation of children. This video depicts Minor 3 in poses of sexually explicit nudity and masturbation. After sending this and other videos of children engaged in sexually explicit conduct, the defendant wrote "You like? Send some good onescback too please." [sic]. In using Kik, the defendant sent the video using a means and facility of interstate and foreign commerce.

f. In March 2021, the defendant was found in possession of at least 4,079 child pornography files, including files that depicted prepubescent minors and minors under the age of 12 engaged in sexually explicit conduct, including oral, vaginal, and anal penetration.

g. On or about February 8, 2008, in Winona County, Minnesota, the defendant was convicted of Distribution of Obscene Material in violation of Minnesota Statutes § 617.241, subd. 2(a). Because of this conviction, the defendant was required by Minnesota law to register as a sex offender at all times relevant to this Indictment.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement and based upon the concessions of the United States in entering into this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file additional pre-trial motions in this case and voluntarily gives up the right to have any pending motions resolved and to file any additional pretrial motions in the case.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to

testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, he specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

5. **Statutory Penalties**. The parties agree that Count 2 of the Indictment carries statutory penalties of:

    a. a mandatory minimum of 15 years' imprisonment;
    b. a maximum of 30 years' imprisonment;
    c. a supervised release term of not less than five years up to a maximum term of life;
    d. a fine of up to $250,000;
    e. a mandatory special assessment of $100;
    f. possible assessment to the defendant of the costs of prosecution;
    g. payment of $5,000 to the Domestic Trafficking Victims' Fund if not indigent; and
    h. payment of mandatory restitution in an amount to be determined by the Court.

6. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea

4

agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a. <u>Base Offense Level.</u> The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).

b. <u>Specific Offense Characteristics.</u> The parties agree that two levels are added because the material depicts a minor between the age of 12 and 16 (USSG §2G2.1(b)(1)(B)) and another two levels are added because the offense involved use of interactive computer service to persuade and induce a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)(B)).

c. <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following:
   i. the defendant testifies truthfully during the change of plea and sentencing hearings;
   ii. the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation; and
   iii. the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG §3E1.1).

d. <u>Repeat and Dangerous Sex Offender against Minors.</u> The parties agree that a 5-level upward adjustment applies because the instant offense includes a covered sex crime, neither USSG §§4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (USSG §4B1.5(b)(1)).

e. <u>Criminal History Category.</u> Based on information available at this time, the parties believe that the defendant's criminal history category is IV. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the

time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (USSG §§4A1.1 and 4B1.5(b)(2)).

f. Guideline Range. If the adjusted offense level is 38 and the criminal history category is IV, the Sentencing Guidelines range is 324-360 months, as capped by the statutory maximum for Count 2.

g. Fine Range. Based on the offense level calculated above, the fine range is $50,000 to $250,000. USSG §5E1.2(c).

h. Supervised Release. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed and recommend a lifetime term of supervision for the offense of conviction. (USSG §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

i. Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

6

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which he is convicted. U.S.S.G. § 5E1.3. The defendant agrees the $100 special assessment is due and payable at sentencing.

10. **Restitution**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to Victim 2 of the defendant's offense of Attempted Production and Production of Child Pornography in Count 2. Additionally, pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by NCMEC, including the children identified in the Indictment as Minors 1, 3 and 4. The parties agree that the amount of restitution owed under this subparagraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant agrees to enter a stipulation prior to sentencing to restitution regarding victims who have requested restitution by that date. Absent an agreement with counsel for the victims that he will pay a greater amount, the defendant agrees to pay at least $3,000, in restitution to each of the victims who request restitution in his case. Additionally, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Indictment or included in the counts of conviction. The defendant agrees to fully disclose to the United States Attorney's

Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States, in any manner requested by the Financial Litigation Unit, in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

11.     **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues except a determination that he is subject to the enhanced mandatory minimum set forth in 18 U.S.C. § 2251(e). This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. However, the defendant reserves the right to appeal a finding that he is subject to a 25-year, rather than a 15-year, mandatory minimum. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal the substantive reasonableness of the sentence.

12.     **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

    a.     Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual

          depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

b.     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, including a Samsung SM-A205U, IMEI 352741115668520; a QS5509A Phone (no serial number); a Samsung Galaxy SM-A215U, IMEI 354232111724457; and any other electronic devices currently in the government's possession identified as containing child erotica or child pornography.

The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

13. **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

14. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: March 3, 2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

_____
BY: SARAH E. HUDLESTON
Assistant U.S. Attorney

Date: 3/3/22

_____
NATHAN MILLER DOBBELMANN
Defendant

Date: 3/3/22

_____
LEE R. JOHNSON, ESQ.
Counsel for Defendant